Ms. Elizabeth J. Garrison c/o University of Arkansas for Medical Sciences Office of Human Resources, Slot 564-1 4301 W. Markham Little Rock, Arkansas 72205
Dear Ms. Garrison:
I am writing in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether the decision of the University of Arkansas for Medical Sciences ("UAMS") Office of Human Resources to release portions of your personnel records is consistent with the Arkansas Freedom of Information Act ("FOIA"). Specifically, you note that a citizen has requested records reflecting salaries and educational background of all employees within the UAMS Department of Development and Alumni Affairs. You note that while salaries are subject to public review, you wish to determine if education background is also subject to public review or whether the release of this information could be deemed an "unwarranted invasion of personal privacy." The custodian of the records, the Director of Records and Human Resources Information, has responded with a form letter stating that all information in your personnel file is subject to disclosure under the FOIA with certain listed exceptions. Educational background is not one of the listed exceptions, and thus the custodian's decision is to release information reflecting your educational background. My statutory duty under A.C.A. §25-19-105(c)(3)(B) is to determine whether the custodian's decision is consistent with the FOIA.
RESPONSE
Although I have not reviewed the actual records in question, it is my opinion that the custodian's decision is generally consistent with the FOIA.
This office has previously opined, in Opinions too numerous to cite, that records reflecting the educational background of public employees are generally open to inspection under the FOIA. See e.g., Ops. Att'y. Gen.98-202 and 94-319. As one of my predecessors stated in Opinion 98-202:
 We have also consistently opined that the disclosure of records reflecting an individual's educational background is not generally considered to constitute a "clearly unwarranted invasion of personal privacy," and that such records should therefore be released. Although the FOIA exempts" scholastic records" from disclosure, this office has construed that term very narrowly, applying it only to individual academic records, and not to lists of schools attended or degrees received. See, e.g., Ops. Att'y Gen. Nos. 94-319; 87-108.
Op. Att'y. Gen. 98-202 at 2.
Although the former exemption for "scholastic records" has been amended subsequent to the issuance of Opinion 98-202, to harmonize it with the federal "Family Educational Rights to Privacy Act," in my opinion the conclusion above still obtains after the amendment.[1] Although certain individual academic records, such as school transcripts, may still be eligible for exemption when contained in personnel files, employee records reflecting a public employee's general educational background, including schools attended and degrees received, appearing for example on an employment application or resume, are open to public inspection under the FOIA. The exemption in the FOIA for "[p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy" (see A.C.A. § 25-19-105(b)(12) does not shield such information from public inspection. In this regard, it was stated in Op. Att'y. Gen. 98-281 that:
 Thus, while the "clearly unwarranted invasion of personal privacy" exception must of course be noted (§ 25-19-105(b) (1[2]), I believe it would be unusual for records reflecting one's job experience and education to contain information sufficiently private to warrant withholding the records from public inspection on that basis [footnote omitted.] See, e.g., Op. Att'y Gen. Nos. 95-291 and 93-421 (regarding the general disclosability of job applications).
In my opinion, therefore, the custodian's decision is generally consistent with the FOIA.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] The pertinent exemption is now for "education records as defined in the Family Educational Rights and Privacy Act of 1974,20 U.S.C. § 1232g, unless their disclosure is consistent with the provisions of the Family Educational Rights and Privacy Act of 1974,20 U.S.C. § 1232g. . . ." A.C.A. § 25-19-105(b)(2).